1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11  TERRENCE BROWNLEE,                    No. CIV S-07-0658-RRB-CMK-P

12              Plaintiff,

13        vs.                            <u>ORDER</u>

14  TESS D. POLING, et al.,

15              Defendants.

16  _____/

17              Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18  to 42 U.S.C. § 1983.  Pending before the court is plaintiff's third amended complaint (Doc. 20),

19  filed on September 4, 2007.

20              The court is required to screen complaints brought by prisoners seeking relief

21  against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22  § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24  from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25  the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff claims that his legal mail is being opened outside of his presence.  He has submitted his grievance to the prison using the inmate prison grievance system, filing form 602.  Reading the complaint broadly as the court must, plaintiff claims he has informed the prison and the mail room supervisors of the problems he is encountering regarding his legal mail, but his legal mail continues to be opened outside of his presence.

## II.  DISCUSSION

Prisoners have a First Amendment right to send and receive mail.  See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam).  Prison officials may intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages.  See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266.  Based on security concerns, officials may also prohibit correspondence between inmates.  See Turner v. Safley, 482 U.S. 78, 93 (1987).  Prison officials may not, however, review outgoing legal mail for legal sufficiency before sending them to the court.  See Ex Parte Hull, 312 U.S. 546, 549 (1941).  Incoming mail from the courts, as opposed to mail from the prisoner's attorney, for example, is not considered "legal mail."  See Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996),

1   <u>amended by</u> 135 F.3d 1318 (9th Cir. 1998).

2          Specific restrictions on prisoner legal mail have been approved by the Supreme

3   Court and Ninth Circuit.  For example, prison officials may require that mail from attorneys be

4   identified as such and open such mail in the presence of the prisoner for visual inspection.  <u>See</u>

5   <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576-77 (1974); <u>Sherman v. MacDougall</u>, 656 F.2d 527, 528

6   (9th Cir. 1981).  Whether legal mail may be opened outside the inmate's presence, however, is an

7   open question in the Ninth Circuit.  At least three other circuits have concluded that legal mail

8   may not be opened outside the inmate's presence.  <u>See id.</u> (citing <u>Taylor v. Sterrett</u>, 532 F.2d 462

9   (5th Cir. 1976), <u>Back v. Illinois</u>, 504 F.2d 1100 (7th Cir. 1974) (per curiam), and <u>Smith v.</u>

10  <u>Robbins</u>, 452 F.2d 696 (1st Cir. 1972)); <u>see also</u> <u>Samonte v. Maglinti</u>, 2007 WL 1963697 (D.

11  Hawai'i July 3, 2007) (recognizing open question).  At least one court in this circuit, however,

12  has concluded, based on citation to a Sixth Circuit case, that a "prison's 'pattern and practice' of

13  opening confidential legal mail outside of [the] inmate's presence infringes upon [the] inmate's

14  First Amendment rights and access to the courts."  <u>Oliver v. Pierce County Jail</u>, 2007 WL

15  1412843 (W.D. Wash, May 9, 2007) (citing <u>Muhammad v. Pritcher</u>, 35 F.3d 1081 (6th Cir.

16  1994)).  The Ninth Circuit has, however, held that an isolated instance or occasional opening of

17  legal mail outside the inmate's presence does not rise to the level of a constitutional violation.

18  <u>See</u> <u>Stevenson v. Koskey</u>, 877 F.2d 1435, 1441 (9th Cir. 1989).

19         To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual

20  connection or link between the actions of the named defendants and the alleged deprivations.

21  <u>See</u> <u>Monell v. Dep't of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

22  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

23  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts, or

24  omits to perform an act which he is legally required to do that causes the deprivation of which

25  complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and

26  conclusory allegations concerning the involvement of official personnel in civil rights violations

are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff names a number of individuals in his third amended complaint. However, he has not named the individuals who are actually opening his legal mail outside of his presence, which is his allegation.  Most of the named individuals in his complaint are those who have reviewed his 602 inmate grievances.  Plaintiff has not alleged any wrongdoing as to those individuals, and therefor has not linked their actions with any actual constitutional deprivation so as to state a claim against them.  However, this deficiency may be cured through amendment. Plaintiff may have additional information as to the individuals named in the complaint to link their action with a constitutional deprivation, and he will be provided an opportunity to do so.

The exception to this is defendant Poling.  Defendant Poling is the mail room supervisor, who has also reviewed his 602 inmate grievances.   Supervisory personnel are generally not liable under § 1983 for the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations, or had actual knowledge of the violations and failed to act to prevent them.  See id.  When a defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Here, plaintiff has alleged that defendant Poling, as the mail room supervisor, had knowledge of the violations (through the inmate grievance process) but has failed to act to prevent further violations.  Thus, plaintiff has stated a claim against defendant Poling.

4

1                                    **III.  CONCLUSION**

2              Because it is possible that the deficiencies identified in this order may be cured by

3  amending the complaint, plaintiff is entitled to leave to amend.  See Lopez v. Smith, 203 F.3d

4  1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an

5  amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

6  1262 (9th Cir. 1992).  Therefore, if plaintiff amends the complaint, the court cannot refer to the

7  prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.

8  An amended complaint must be complete in itself without reference to any prior pleading.  See

9  id.

10             If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

11 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

12 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how

13 each named defendant is involved, and must set forth some affirmative link or connection

14 between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d

15 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

16             Because the complaint appears to otherwise state cognizable claims, if no

17 amended complaint is filed within the time allowed therefor, the court will issue findings and

18 recommendations that the claims identified herein as defective be dismissed, as well as such

19 further orders as are necessary for service of process as to the cognizable claims.

20             Accordingly, IT IS HEREBY ORDERED that may file a fourth  amended

21 complaint within 30 days of the date of service of this order.

22

23  DATED: February 14, 2008

24                                                            _____
                                                             **CRAIG M. KELLISON**
                                                             UNITED STATES MAGISTRATE JUDGE

25

26