IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE, | No. CIV S-07-0658-RRB-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TESS D. POLING, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's fourth amended complaint (Doc. 28).

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

9  Plaintiff claims that his legal mail is being opened outside of his presence.  He has
10 submitted his grievance to the prison using the inmate prison grievance system, filing form 602.
11 Reading the complaint broadly as the court must, plaintiff claims he has informed the mail room
12 supervisor of the problems he is encountering regarding his legal mail, but his legal mail
13 continues to be opened outside of his presence.[1]

14 In addition to the mail room supervisor, plaintiff names five other defendants in
15 his fourth amended complaint.  As to defendant Dangler, plaintiff's states "On 5-7-07, my appeal
16 log no. 07-02004 is screen out by M. Dangler, stating you have not attempted to resolve the
17 grievance at the informal level per CCR 3084.3(c)(4)."  Similarly, he states "On 5-15-7, my
18 appeal log no. 07-02004 is again screen out by J. Jackson, stating you have not attempted to
19 resolve the grievance at the informal level (per CCR 3084.3(c)(4) use a usaveem [sic] Obtain an
20 informal response by sending your appeal directly to the mail room."  He continues his argument
21 regarding the denial of his appeal log number 07-02004 stating it was also denied by defendants
22 Keating, Runnels, and McDonald.  (See Fourth Amended Complaint at 10-11).

23 Plaintiff's only allegations of wrongdoing as to defendants Dangler, Jackson,
24 Keating, Runnels and McDonald stem from denials of his inmate appeals.  No other allegations

---

[1] By separate order, the court has found service to be appropriate for the mail room supervisory, Tess D. Poling.

2

against these defendants have been made.

## II.  DISCUSSION

The court advised plaintiff's of the defects in his third amended complaint, in regards to his allegations against the defendants involved with denying his inmate grievances. He was told that he

> names a number of individuals in his third amended complaint. However, he has not named the individuals who are actually opening his legal mail outside of his presence, which is his allegation.  Most of the named individuals in his complaint are those who have reviewed his 602 inmate grievances.  Plaintiff has not alleged any wrongdoing as to those individuals, and therefor has not linked their actions with any actual constitutional deprivation so as to state a claim against them.  However, this deficiency may be cured through amendment.

Plaintiff was then given leave to an amend complaint in order to cure the defects.  His fourth amended complaint fails to cure the defects.  He continues to name the individuals who reviewed his inmate grievances, without alleging any actual constitutional deprivation.

At best, plaintiff's allegations as to these individuals can be viewed as claims that his constitutional rights were somehow violated due to the handling of his inmate grievances. However, prisoners have no stand-alone due process right to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process).   Therefore, plaintiff cannot state a claim against these individuals solely based on their review of his inmate grievances.

As plaintiff has not made any other allegations in relation to these individuals, after having been specifically advised to do so, he fails to state a claim against them.  Defendants Dangler, Jackson, Runnels, Keating and McDonald should be dismissed from this action.[2]

---

[2] Along with defendant Poling, these are the only individuals listed as defendants in plaintiff's fourth amended complaint.  The docket includes Gentry, Kramer and Palmer as additional defendants based on plaintiff's previous complaint.  However, any allegation plaintiff has made against these individuals, also arise from the handling of his 602 inmate grievances.

3

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to additional leave to amend prior to the dismissal of these individuals from this action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that defendants Dangler, Jackson, Runnels, Keating and McDonald be dismissed from this action for failure to state a claim.  In addition, to the extent that Gentry, Kramer and Palmer are included as defendants in this matter, they also should be dismissed for failure to state a claim.  This action should proceed against defendant Poling only.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 6, 2008

                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE

---

Accordingly, to the extent these individuals are included in his complaints, they should be dismissed from this action as well.