IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERRENCE BROWNLEE,

    Plaintiff,

  vs.

TESS D. POLING,

    Defendant.

                        /

No. CIV S-07-0658-JAM-CMK-P

FINDINGS AND RECOMMENDATIONS

Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court are defendant's motion to dismiss (Doc. 42) and request for judicial notice (Doc. 42-3). Defendant argues that plaintiff's in forma pauperis status should be revoked pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g) and that this action should be dismissed. Defendant asks the court to take judicial notice of court records in three prior actions in support of her motion.[1]

---

[1] The court may take judicial notice pursuant to Federal Rule of Evidence 201 of matters of public record. See U.S. v. 14.02 Acres of Land, 530 F.3d 883, 894 (9th Cir. 2008). Thus, this court may take judicial notice of state court records, see Kasey v. Molybdenum Corp. of America, 336 F.2d 560, 563 (9th Cir. 1964), as well as its own records, see Chandler v. U.S., 378 F.2d 906, 909 (9th Cir. 1967). Therefore, defendant's request should be granted.

1

Section 1915(g) provides in pertinent part as follows:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Defendants points to three prior Eastern District of California cases which were dismissed for failure to state a claim: Brownlee v. Barnett, CIV-S-00-2666-LKK-JFM-P; Brownlee v. Smith, et al., CIV-S-03-0746-DFL-DAD-P; and Brownlee v. Stocker, CIV-S-04-0623-MCE-DAD-P. A review of the court orders from these three cases attached to defendant's request for judicial notice reveals that each was dismissed for failure to state a claim. As such, they count as "strikes" under § 1915(g).

In his opposition to defendant's motion, plaintiff argues that the current case falls under the "imminent danger" exception. Specifically, he contends that the danger arises from ongoing violations of his constitutional rights relating to legal mail. However, as defendant notes in her reply, the exception requires that plaintiff demonstrate that, at the time he filed the complaint, he was in imminent danger of serious physical injury. Plaintiff's claims related to legal mail do not suggest any danger of physical injury. Therefore, the court finds that the "imminent danger" exception to § 1915(g) does not apply in this case and plaintiff's in forma pauperis status should be revoked.

The court does not recommend that this action be dismissed as a result of revocation of plaintiff's in forma pauperis status, as defendant requests. Defendant provides no authority for dismissal and the statute itself does not suggest such a drastic result. Rather, the statute provides that plaintiff may not "bring a civil action . . . under this section" because he has three or more prior "strikes." 28 U.S.C. § 1915(g) (emphasis added). The phrase "under this section" refers generally to § 1915 which governs proceedings in forma pauperis. Therefore, § 1915(g) prohibits an inmate from proceeding in forma pauperis where he has three or more

"strikes." The action may proceed if plaintiff pays the full statutory filing fee. Plaintiff should be given an opportunity to do so in this case.[2] If, however, he cannot, the action should be dismissed without prejudice for failure to pay fees.

Based on the foregoing, the undersigned recommends that:

1. Defendant's request for judicial notice (Doc. 42-3) be granted;
2. Defendant's motion to dismiss (Doc. 42) be granted, in part;
3. Plaintiff's in forma pauperis status be revoked; and
4. Plaintiff be required to pay the balance due on the $350.00 statutory filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 27, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

---

[2] When plaintiff was initially granted in forma pauperis status, the court directed the payment of the filing fee in installments pursuant to 28 U.S.C. § 1915(b)(2). Plaintiff should only be required to pay the balance of the full filing fee currently owing and the court's order for installment payments should be vacated.