IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRENCE BROWNLEE, | No. CIV S-07-0658-JAM-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| TESS D. POLING, et al., | |
| Defendants. | |
| _____/ | |

   Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.

   On July 27, 2009, the court issued an order granting Defendant's motion to dismiss in part. The court revoked Plaintiff's in forma pauperis status, and provided him 30 days in which to pay the full filing fee. To date, the court has not received any payment from Plaintiff. Plaintiff was previously informed that if he fails to pay the filing fee, this action would be dismissed without prejudice. Plaintiff has previously been warned that failure to comply with court orders may result in the dismissal of this action. See Local Rule 11-110.

   Accordingly, this action should be dismissed without prejudice to Plaintiff's ability to re-file the action upon pre-payment of fees.

1

In addition, upon further review, the undersigned concludes that the motion to dismiss should have been granted in its entirety. The court found Plaintiff had three previous cases which were dismissed for failure to state a claim, and therefore revoked his in forma pauperis status under 28 U.S.C. § 1915(g). When in forma pauperis status is denied or revoked under § 1915(g), the proper course of action is to dismiss the action without prejudice to re-filing the action upon prepayment of fees at the time the action is re-filed. In Tierney v. Kupers, the Ninth Circuit reviewed a district court's screening stage dismissal of a prisoner civil rights action after finding under § 1915(g) that the plaintiff was not entitled to proceed in forma pauperis. See 128 F.3d 1310 (9th Cir. 1998). Notably, the district court dismissed the entire action rather than simply providing the plaintiff an opportunity to pay the filing fee. The Ninth Circuit held that the plaintiff's case was "properly dismissed." Id. at 1311. Similarly, in Rodriguez v. Cook, the Ninth Circuit dismissed an inmate's appeal in a prisoner civil rights action because it concluded that he was not entitled to proceed in forma pauperis on appeal pursuant to the "three strikes" provision. See 169 F.3d 1176 (9th Cir. 1999). Again, rather than providing the inmate appellant an opportunity to pay the filing fee, the court dismissed the appeal without prejudice and stated that the appellant "may resume this appeal upon prepaying the filing fee."

This conclusion is consistent with the conclusions reached in at least three other circuits. In Dupree v. Palmer, the Eleventh Circuit held that denial of in forma pauperis status under § 1915(g) mandated dismissal. See 284 F.3d 1234 (11th Cir. 2002). The court specifically held that "the prisoner cannot simply pay the filing fee after being denied IFP status" because "[h]e must pay the filing fee at the time he *initiates* the suit." Id. at 1236 (emphasis in original). The Fifth and Sixth Circuits follow the same rule. See Adepegba v. Hammons, 103 F.3d 383 (5th Cir. 1996); In re Alea, 86 F.3d 378 (6th Cir. 2002).

Regardless, Plaintiff here was provided an opportunity to pay his filing fee, which he has not done. Due to his failure to pay the filing fee in full, and the revocation of his in forma pauperis status, this case should be dismissed without prejudice.

1  Based on the foregoing, the undersigned recommends that this action be dismissed
2  without prejudice and the Clerk of the Court be directed to enter judgment and close this case.
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Failure to file objections within the specified time may waive
8  the right to appeal.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 29, 2009

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE